| | |
|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br>Court Address:  501 N. Elizabeth St.<br>                          Pueblo, CO 81003 | DATE FILED: December 10, 2021 5:08 PM<br>FILING ID: 82EE752A7702B<br>CASE NUMBER: 2021CV30487 |
| PAMELA RODRIGUEZ,<br><br>            Plaintiff,<br><br> -versus-<br><br>ROBERT BROWN, and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY<br><br>            Defendants. | ▲COURT USE ONLY▲ |
| Counsel for Plaintiff:<br><br>Shannon K. Baillargeon, #52758<br>Erica A. Vecchio, #36983<br>FRANKLIN D. AZAR & ASSOCIATES, P.C.<br>400 N. Main St.<br>Pueblo, CO 81003<br>Phone:(303) 757-3300<br>Fax: (303) 759-5203<br>E-Mail: baillargeons@fdazar.com; vecchioe@fdazar.com | Case No.<br><br>Division: |
| **COMPLAINT** | |

Plaintiff Pamela Rodriguez ("Plaintiff") through counsel, Franklin D. Azar and Associates, P.C., submits the following Complaint against Defendant. As grounds therefor, Plaintiff states the following.

### I.  PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual and resident of the State of Colorado.

2. Upon information and belief, Defendant Robert Brown ("Defendant Brown") resides in the State of California, at the commencement of this action.

3. Defendant Allstate Fire and Casualty Insurance Company ("Defendant Allstate") is a corporation doing business in the State of Colorado.

**EXHIBIT A**

4. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124 because the incident underlying this cause of action occurred in the State of Colorado.

5. Venue is proper in this action pursuant to C.R.C.P. 98 (c)(5) because the tort underlying the cause of action was committed in Pueblo County, State of Colorado.

## II.     GENERAL ALLEGATIONS

6. Plaintiff incorporates all prior allegations as though fully set forth herein.

7. The collision at issue in this case occurred on June 10, 2021

8. The collision occurred at approximately 8:03 a.m.

9. The collision occurred on a Sunday.

10. The collision occurred at the intersection of I-25 Frontage Road and Dillon Drive.

11. Defendant Brown was driving a 2020 Ford Truck.

12. Defendant Brown owned the 2020 Ford Truck.

13. Plaintiff was driving a 2016 Subaru Outback.

14. Plaintiff owned the 2016 Subaru.

15. Officer Kenneth J. Matic of the Pueblo Police Department prepared the Traffic Accident Report

16. According to the Traffic Accident Report, Defendant Brown failed to yield just prior to the collision.

17. Defendant Brown was not paying attention.

18. Defendant Brown was given a citation for Careless Driving, a violation of C.R.S. 42-4-703(4).

19. Defendant Brown violated C.R.S. 42-4-703(4).

20. Defendant Brown was the sole cause of the collision.

21. The force of the impact caused injuries to Plaintiff.

22. According to the Traffic Accident Report, the road was straight and dry at the intersection of the collision.

23. The intersection was straight and dry.

24. According to the Traffic Accident Report, there were no adverse weather conditions at the time of the collision.

25. There were no adverse weather conditions at the time of the collision.

26. According to the Traffic Accident Report, it was daylight at the time of the collision.

27. There were no lighting issues at the time of the collision.

28. Defendant Brown drove carelessly at the time of the collision.
29. Defendant Brown's distracted driving caused or contributed to causing the collision.
30. Plaintiff was properly using her shoulder and lap belt at the time of the collision.
31. Plaintiff suffered injuries and damages from the collision.
32. Plaintiff's injuries and damages may include but are not limited to, physical injuries, past and future damages, physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical bills, loss of earnings and earning capacity, permanency and/or impairment in amounts to be determined at the time of trial.
33. Plaintiff has not failed to mitigate her damages.
34. Plaintiff did nothing to cause or contribute to the collision.
35. As a licensed driver, Defendant Brown was supposed to drive his car safely.
36. Defendant Brown failed to drive safely at the time of the collision.
37. As a licensed driver, Defendant was supposed to pay adequate attention to traffic conditions around him.
38. Defendant Brown failed to pay adequate attention to traffic conditions around him.
39. As a licensed driver, Defendant Brown was supposed to see what reasonably should have been seen in the exercise of ordinary care.
40. Defendant Brown failed to exercise ordinary care.
41. Defendant Brown failed to pay attention to other drivers on the road when the collision occurred.
42. As a licensed driver, Defendant Brown was supposed to act as a reasonable driver would act under the circumstances then existing.
43. Defendant Brown did not act as a reasonable driver would have acted under the circumstances existing just prior to and at the time of the collision.
44. As a licensed driver, Defendant Brown was supposed to yield at the traffic sign.
45. Defendant Brown did not yield at the traffic sign.
46. Defendant Brown accepts responsibility for the collision.
47. Defendant Brown accepts responsibility for causing Plaintiff's injuries.
48. Defendant Brown's careless driving caused injuries, damages, and losses to Plaintiff, described more fully above.
49. At the time of the collision, Plaintiff was insured under policy number 817458515 with Defendant Allstate.
50. At the time of the collision, Plaintiff's policy included underinsured motorist coverage in the amount of $100,000 per person and $300,000 per incident.

51. At the time of the collision, Plaintiff's policy included medical payments coverage in the amount of $5,000.

52. On June 22, 2021, Plaintiff's counsel sent a letter of representation to Defendant Allstate.

53. On July 13, 2021, Defendant Allstate tendered the limits of $5,000 for the medical payments coverage.

54. On September 20, 2021, Plaintiff demanded Defendant Brown tender his policy limits of $100,000.

55. Defendant Brown is considered an underinsured motorist as defined in Plaintiff's policy with Defendant Allstate.

56. On September 20, 2021, Plaintiff sent Consent to Settle with Defendant Brown's insurance company to Defendant Allstate.

57. On September 20, 2021, Plaintiff sent $70,447.31 in medical bills to Defendant Allstate.

58. As of December 10, 2021, Defendant Allstate has not responded to Plaintiff's counsel's letter of representation.

59. As of December 10, 2021, Defendant Allstate has not responded to Plaintiff's request for consent to settle with Defendant Brown's insurance company.

60. As of December 10, 2021, Defendant Allstate has not responded in regard to benefits owed to Plaintiff.

**FIRST CLAIM FOR RELIEF**

**(Negligence- Defendant Brown)**

61. Plaintiff incorporates all prior allegations as though set forth fully herein.

62. The collision involving Plaintiff was caused by Defendant Brown's negligence.

63. Defendant Brown had a duty to drive his car with reasonable care under the circumstances then existing.

64. Defendant Brown owed a duty of reasonable care to his fellow drivers, including Plaintiff.

65. Defendant Brown breached his duty of care as more fully described above.

66. As a direct and proximate and foreseeable result of Defendant Brown's negligence Plaintiff suffered injuries and damages including, but not limited to, past and future physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical bills, hospital bills, health care provider bills, wage loss and lost earning capacity, permanency and impairment in amounts to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF

### (Negligence *Per Se*- Defendant Brown)

67. Plaintiff incorporates all prior allegations as though fully set forth herein.

68. In the course of the motor vehicle collision described above, Defendant Brown violated the following statute: C.R.S. 42-4-703(4).

69. Plaintiff is a member of the class of persons these statutes are intended to protect.

70. The purpose of these statutes is to protect against the type of injuries or losses that Plaintiff sustained.

71. Defendant Brown's actions as described herein constitute negligence *per se*.

72. As a direct, proximate, and foreseeable result of Defendant Brown's negligence *per se*, Plaintiff suffered injuries and damages including, but not limited to, past and future physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical bills, hospital bills, health care provider bills, wage loss and lost earning capacity, permanency and impairment in amounts to be determined at the time of trial.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract- Defendant Allstate)

73. Plaintiff incorporates all prior allegations as though fully set forth herein.

74. Sometime prior to the accident, Plaintiff entered into a contract with Defendant Allstate for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and under-insured motorists.

75. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant Allstate.

76. Plaintiff has advised Defendant Allstate of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

77. Plaintiff is an intended beneficiary of Defendant Allstate's insurance policy/contract and is therefore entitled to enforce its terms.

78. Plaintiff is entitled to be compensated by Defendant Allstate for all damages she has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, under the under-insured motorist coverage of the policy.

### FOURTH CLAIM FOR RELIEF
### (First Party Statutory Claim Under C.R.S. § 10-3-1116- Defendant Allstate)

79. Plaintiff incorporates all prior allegations as though fully set forth herein.

80. Defendant Allstate has denied and delayed payment of under-insured motorist benefits to Plaintiff without a reasonable basis for its action.

81. Defendant Allstate's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to her, and which Defendant Allstate should have previously paid to her.

82. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant Allstate two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

### FIFTH CLAIM FOR RELIEF
### (Bad Faith- Defendant Allstate)

83. Plaintiff incorporates all prior allegations as though fully set forth herein.

84. Defendant Allstate owed Plaintiff a duty to act in good faith in reviewing, adjusting, and settling her claims.

85. Defendant Allstate breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    a. Compelling this Plaintiff to institute litigation to recover amounts due her under the under-insured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;

    b. Favoring the interests of Defendant Allstate, an insurer, over those of Plaintiff, an insured, to whom Defendant Allstate owes fiduciary and statutory duties;

    c. Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an under-insured motorist;

    d. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy;

    e. Incompetently evaluating Plaintiff's claim; and

    f. Failing to pay benefits under the policy.

86. Defendant Allstate's actions are unreasonable.

87. Defendant Allstate knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

88. As a direct result of Defendant Allstate's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

    a. Being forced to incur additional costs in litigation;

    b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant; and

    c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and in her favor for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the collision, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

Respectfully, submitted on this 10th day of December 2021.

                                                 **FRANKLIN D. AZAR & ASSOCIATES, P.C.**

                                                 By:   */s/ Shannon K. Baillargeon*
                                                 Shannon K.. Baillargeon, #52758
                                                 COUNSEL FOR PLAINTIFF

**Plaintiff's Address:**
**6464 Dillon Dr. Unit 87**
**Pueblo, CO 81008**

| | |
|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br>Court Address:   501 N. Elizabeth St.<br>                           Pueblo, CO 81003 | DATE FILED: December 10, 2021 5:08 PM<br>FILING ID: 82EE752A7702B<br>CASE NUMBER: 2021CV30487 |
| PAMELA RODRIGUEZ,<br><br>                      Plaintiff,<br><br> -versus-<br><br>ROBERT BROWN, and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY<br><br>                      Defendants. | ▲COURT USE ONLY▲ |
| Counsel for Plaintiff:<br><br>Shannon K. Baillargeon, #52758<br>Erica A. Vecchio, #36983<br>FRANKLIN D. AZAR & ASSOCIATES, P.C.<br>400 N. Main St.<br>Pueblo, CO 81003<br>Phone:(303) 757-3300<br>Fax: (303) 759-5203<br>E-Mail: baillargeons@fdazar.com; vecchioe@fdazar.com | Case No.<br><br>Division: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT: <u>ROBERT BROWN</u>**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated:  December 10, 2021

                                        FRANKLIN D. AZAR & ASSOCIATES, P.C.
                                        By: */s/ Shannon K. Baillargeon*

JDF 600 R10-13 DISTRICT COURT CIVIL SUMMONS

            Shannon K. Baillargeon, #52758
            ATTORNEYS FOR PLAINTIFF

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons.**

| | |
|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br>Court Address:  501 N. Elizabeth St.<br>　　　　　　　　Pueblo, CO 81003 | DATE FILED: December 10, 2021 5:08 PM<br>FILING ID: 82EE752A7702B<br>CASE NUMBER: 2021CV30487 |
| PAMELA RODRIGUEZ,<br><br>　　　　　　Plaintiff,<br><br> -versus-<br><br>ROBERT BROWN, and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY<br><br>　　　　　　Defendants. | ▲COURT USE ONLY▲ |
| Counsel for Plaintiff:<br><br>Shannon K. Baillargeon, #52758<br>Erica A. Vecchio, #36983<br>FRANKLIN D. AZAR & ASSOCIATES, P.C.<br>400 N. Main St.<br>Pueblo, CO 81003<br>Phone:(303) 757-3300<br>Fax: (303) 759-5203<br>E-Mail: baillargeons@fdazar.com; vecchioe@fdazar.com | Case No.<br><br>Division: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT: <u>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY</u>**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated:  December 10, 2021

　　　　　　　　　　　　　　　　　　　FRANKLIN D. AZAR & ASSOCIATES, P.C.

JDF 600 R10-13 DISTRICT COURT CIVIL SUMMONS

By: <u>*/s/ Shannon K. Baillargeon*</u>
Shannon K. Baillargeon, #52758
ATTORNEYS FOR PLAINTIFF

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons.**

| | |
|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br>Court Address:   501 N. Elizabeth St.<br>                          Pueblo, CO 81003 | DATE FILED: December 10, 2021 5:08 PM<br>FILING ID: 82EE752A7702B<br>CASE NUMBER: 2021CV30487 |
| PAMELA RODRIGUEZ,<br><br>                    Plaintiff,<br><br> -versus-<br><br>ROBERT BROWN, and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY<br><br>                    Defendants. | ▲COURT USE ONLY▲ |
| Counsel for Plaintiff:<br><br>Shannon K. Baillargeon, #52758<br>Erica A. Vecchio, #36983<br>FRANKLIN D. AZAR & ASSOCIATES, P.C.<br>400 N. Main St.<br>Pueblo, CO 81003<br>Phone:(303) 757-3300<br>Fax: (303) 759-5203<br>E-Mail: baillargeons@fdazar.com; vecchioe@fdazar.com | Case No.<br><br>Division: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.  Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

   ☐ This case is governed by C.R.C.P. 16.1 because:

- The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

- A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

✓This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☐The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

✓ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☐Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

☐A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐C.R.C.P. 16.1 applies to this case.

☐C.R.C.P. 16.1 does not apply to this case.

**3.** ☐This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Dated: December 10, 2021.

> FRANKLIN D. AZAR & ASSOCIATES, P.C.
> By: */s/ Shannon K. Baillargeon*
> Shannon K. Baillargeon, #52758
> ATTORNEYS FOR PLAINTIFF